| | |
|---|---|
| **SHANNON GRAHAM** ) <br> 1405 Ann Street ) <br> Harrisonville, MO 64701 ) <br> ) <br> and ) <br> ) <br> **JASON STREET** ) <br> 2001 Gwenivere Drive ) <br> Harrisonville, MO 64701 ) <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> On Behalf of Themselves and ) **COMPLAINT** <br> All Others Similarly Situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> **TOWN & COUNTRY DISPOSAL** ) <br> **OF WESTERN MISSOURI** ) Case no.: <br> A Missouri Corporation ) <br> Registered Agent: ) <br> Marcelle L. Pesek ) <br> P.O. Box 10 ) <br> 26305 227th Street ) <br> Harrisonville, MO 64701 ) <br> ) <br> Defendant. ) | |

## COMPLAINT

### Collective Action Claim

**COMES NOW** the Plaintiffs, Shannon Graham and Jason Street, on behalf of themselves and all others similarly situated, by and through counsel, and hereby sets forth their representative action for violations of the Fair Labor Standards Act under § 216(b):

## PRELIMINARY STATEMENT

1. Plaintiffs, Shannon Graham and Jason Street, and all other similarly situated employees ("Plaintiffs") bring this action against Defendant Town & Country Disposal of Western Missouri ("Town & Country") for unpaid overtime compensation and related penalties and damages. Defendant's practice and policy is to willfully fail and refuse to properly pay overtime compensation due and owing to Plaintiffs and all other similarly situated employees. Doing so is in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2. Defendant's practices are in direct violation of the FLSA. Plaintiffs seek injunctive and declaratory relief, overtime premiums for all overtime work required, suffered, or permitted by Defendant, liquidated and/or other damages as permitted by applicable law, and attorneys' fees, costs, and expenses incurred in this action.

## PARTIES

.

3. Plaintiff, Shannon Graham, currently resides at 1405 Ann Street Harrisonville, MO 64701. Plaintiff is employed as a Thrower/Salaried Laborer whose job was to throw trash into Defendant's trash trucks for Defendant Town & Country. Plaintiffs worked out of Defendant's principle place of business located at 23201 E. 235th Street, Harrisonville, Missouri 64701 with the corporate office being located at 23201 E. 235th Street, Harrisonville, Missouri 64701 Plaintiff Graham, and all others similarly situated, for the purposes of this collective action presently work or have worked out of the Harrisonville, Missouri office and were paid by the corporate office in Harrisonville, Missouri.

4. Plaintiff, Jason Street currently resides at 2001 Gwenivere Drive, Harrisonville, MO 64701. Plaintiff is employed as a Thrower/Hourly Laborer whose job was to throw trash into Defendant's trash trucks for Defendant Town & Country. Plaintiffs worked out of Defendant's principle place of business located at 23201 E. 235th Street, Harrisonville, Missouri 64701 with the corporate office being located at 23201 E. 235th Street, Harrisonville, Missouri 64701 Plaintiff Street and all others similarly situated, for the purposes of this collective action presently work or have worked out of the Harrisonville, Missouri office and were paid by the corporate office in Harrisonville, Missouri.

5. Defendant Town & Country is a Missouri corporation doing business in the States of Missouri and Kansas with its primary place of business located in Missouri and an office address of 23201 E. 235th Street, Harrisonville, Missouri 64701 and a corporate office address of 23201 E. 235th Street, Harrisonville, Missouri 64701.

## JURISDICTION AND VENUE

6   This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

7   The United States District Court for the Western District of Missouri has personal jurisdiction because Defendants conduct business in Jackson County, Missouri, located within this District.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendant has offices, conducts business and can be found in the District of Missouri, and the cause of action set forth herein has arisen and occurred in substantial part within the Western District of Missouri.

9. Venue is also proper under 29 U.S.C. § 1132(e)(2) because Defendants have substantial business contacts within the State of Missouri.

## GENERAL COLLECTIVE ALLEGATIONS

10. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b); in that the claims of Plaintiffs are similar to the claims of the Putative Plaintiffs.

11. Putative Plaintiffs/Class Members are those current and former Throwers/Salaried Laborers of Defendant who had, or have, substantially similar job duties and who were suffered or permitted to work by Defendant in Missouri and Kansas, while not being paid overtime compensation for all hours worked.

12. At all relevant times, Defendant has had a policy and practice of failing and refusing to compensate its Throwers/Salaried Laborers overtime compensation for all hours worked in excess of forty hours per week .

13. At all relevant times, Defendant has misclassified its Throwers as salaried employees.

14. The class size is believed to be sufficiently numerous to warrant treatment as a collective action.

15. The Plaintiffs will adequately represent the interests of the Putative Plaintiffs/Class Members because he is similarly situated to the Putative Plaintiffs/Class Members and his claims are typical of and concurrent to the claims of the other Putative Plaintiffs/Class Members.

16. There are no known conflicts of interest between the Plaintiffs and the other Putative Plaintiffs/Class Members.

17. The Class Counsel is qualified and able to litigate the Putative Plaintiffs/Class Members' claims.

18. The Class Counsel concentrates its practice in employment litigation and their attorney is experienced in collective action litigation, including collective actions arising under federal wage and hour laws.

19. The collective action mechanism is superior to any alternative that might exist for the fair and efficient adjudication of this cause of action.

20. Proceeding as a collective action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently and without unnecessary duplication of evidence, effort or judicial resources.

21. A collective action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate.

22. Collective action treatment is the only realistic means by which Plaintiffs can effectively litigate against a large, well-represented corporate entity such as Defendant.

23. Numerous repetitive individual actions would also place an enormous burden on the courts as they would be forced to take duplicative evidence and decide the same issues relating to Defendant's conduct repeatedly.

24. Individual joinder of all Putative Plaintiffs Members is not practicable and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.

25. Each Putative Plaintiffs has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices of permitting, suffering and/or failing to

compensate employees with overtime premiums for all hours worked over forty hours in a workweek. .

26. Collective action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

27. Plaintiffs, on behalf of themselves and all others similarly situated, set forth additional collective action allegations.

## COUNT I – FLSA CLAIM

28. As far as the factual allegations set forth above are applicable to the claims made in Count I, Plaintiffs hereby incorporates paragraphs 1-27 in this Complaint as if fully set forth herein.

29. Plaintiff Shannon Graham was employed by Defendant from on or about [dates of employment] During this time frame, Plaintiff performed work for Defendant in the position of Thrower/Salaried Laborer whose job it was to throw trash into the trash trucks on Defendant's trash routes.

30. Plaintiff Jason Street was employed by Defendant from on or about [dates of employment] During this time frame, Plaintiff performed work for Defendant in the position of Thrower/Salaried Laborer whose job it was to throw trash into the trash trucks on Defendant's trash routes.

31. Prior to, during, and after the Plaintiffs' employment with the Defendant, the Defendant employed, in Missouri and Kansas, numerous other individuals who had the same job duties

and compensatory structure as Plaintiffs (the Putative Plaintiffs/Putative Representative Action Plaintiffs).

32. Plaintiffs bring this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by the Defendant as Throwers/Salaried Laborers within three years from the commencement of this action who have not been paid overtime compensation at one-and-one-half times the regular rate of pay, for all work performed in excess of forty hours per week.

33. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by the Putative Representative Action Plaintiffs because the claims of Plaintiffs are similar to the claims of the Putative Plaintiffs of the representative action.

34. Plaintiffs and the Putative Representative Action Plaintiffs are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendant's common practice, policy or plan of refusing to pay overtime in violation of the FLSA.

35. The names and addresses of the Putative Members of the representative action are available from Defendant. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

36. At all relevant times, Defendant has been and continues to be engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

37. At all relevant times, Defendant has employed, and/or continues to employ, Plaintiffs and all others similarly situated.

38. At all times relevant herein, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

39. The FLSA requires the Defendant to compensate all non-exempt employees overtime compensation at a rate of not less than one-and-one-half the regular rate of pay for work performed in excess of forty hours in a workweek.

40. Plaintiffs and the putative members of the FLSA representative action are not exempt from the right to receive overtime pay under the FLSA and are not exempt from the requirement that their employer pay them overtime compensation under the FLSA.

41. Plaintiffs and the putative members of the FLSA representative action are entitled to be paid overtime compensation at a rate of not less than one-and-one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week.

42. At all relevant times, Defendant has had a policy and practice of failing and refusing to pay its Thrower Laborers overtime pay at a rate of one-and-one-half times the regular rate of pay for work performed in excess of forty hours in a workweek and has misclassified those individuals as "salaried" and not as "hourly" employees.

43. The Defendant's failure to compensate Plaintiffs, and all others similarly situated, overtime compensation at a rate of not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. § 207(a)(1).

44. Defendant's violation of the FLSA is continual in nature; in that Defendant continues to pay its Thrower Laborers under the same unlawful policies and procedures that are set forth in detail herein.

45. The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

46. Plaintiffs, on behalf of themselves and all others similarly situated, seek damages in the amount of all respective unpaid overtime compensation at a rate of one-and-one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, plus liquidated damages, recovery of all attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

**WHEREFORE,** Plaintiffs, on behalf of themselves and all proposed putative members of the FLSA representative action, prays for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed putative members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to 29 U.S.C. § 216(b);

b. Designation of Plaintiffs Shannon Graham and Jason Street, as Representative Plaintiffs of the proposed putative members of the FLSA representative action;

c. A declaratory judgment that the practices complained herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.*;

d. An award of damages for overtime compensation due and owing for the Plaintiffs and the putative members of the Class, including liquidated damages, to be paid by Defendant;

e. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

f. Pre-Judgment and Post-Judgment interest, as provided by law; and

g. Any and all such further legal and/or equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which he and all members of the proposed representative action have a right to a jury trial.

## DESIGNATION OF PLACE OF TRIAL

**COMES NOW** Plaintiffs, by and through counsel of record, and hereby designate the place of trial as follows: Kansas City, Missouri.

Respectfully submitted,

/s/Barry R. Grissom
Barry R. Grissom    KS #10866
Western District #KS-000021
Grissom Law Office
10990 Quivira, Suite 200
Overland Park, KS 66210
Tel: ( 913) 341-6616
Fax: 913) 491-6398
bgrissom@sprintmail.com
ATTORNEY FOR PLAINTIFFS