# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| SHANNON GRAHAM, ET AL., | ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Case No. 4:10-CV-00551-NKL |
| TOWN & COUNTRY DISPOSAL OF WESTERN MISSOURI, INC., | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Plaintiffs Shannon Graham, Jason Street, and all others similarly situated ("Plaintiffs") bring this action pursuant to the Fair Labor Standards Act ("FLSA" or "Act"), 29 U.S.C. §§ 201-219 (2006), against Defendant Town & Country Disposal of Western Missouri, Inc. ("Town"). They allege that due to Town's willful failure and refusal to pay overtime compensation, Town violated the maximum hours provision of the FLSA, 29 U.S.C. § 207. Before the Court is a motion to dismiss filed by Town [Doc. # 7] pursuant to Fed. R. Civ. P. 12(b)(1), (6). For the following reasons, the Court denies the Motion to Dismiss.

**I.   Background**

The following facts are taken from Plaintiffs' Complaint [Doc. # 1] and are assumed true for purposes of this motion to dismiss.

Town's business includes the pickup and disposal of refuse. Town employed and continues to employ Plaintiffs as "throwers" in both Missouri and Kansas to throw trash

1

along Town's routes into trash trucks. At all relevant times, Town has classified Plaintiffs as salaried employees.

Plaintiffs claim that Town misclassifies them as salaried employees. They charge that Town has followed, and continues to follow, a policy and practice of failing and refusing to pay Plaintiffs overtime pay at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek. They further allege that Town has been and continues to be engaged in interstate commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203, and that at all relevant times, Town has had gross operating revenues in excess of $500,000.00. Plaintiffs contend that under the FLSA, they are entitled to overtime compensation from Town for all hours worked in excess of forty hours in a workweek. They pray for injunctive and declaratory relief and recovery of lost wages and liquidated damages. Plaintiffs also seek other damages, fees, costs, and expenses incurred in this action as permitted by applicable law.

## II. Discussion

### A. Standard of Review

On a motion to dismiss, the Court construes the complaint liberally, in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must present "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of a short and plain statement is to provide defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545

(2007) (citation omitted). To satisfy this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). On a motion to dismiss, a court's evaluation of a plaintiff's complaint is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

### B. Subject-Matter Jurisdiction and Failure to State a Claim

In the Complaint's only Count, Plaintiffs seek to recover for Town's violation of the FLSA's maximum hours provision, 29 U.S.C. § 207(a)(1):

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

Plaintiffs bring this action under the FLSA, 29 U.S.C. § 216(b) (penalizing employers that violate section 207) and assert compliance with 29 U.S.C. § 255(a) (requiring actions arising from willful violations to be commenced within three years after the cause of action accrued).

Defendant Town argues that because the FLSA does not apply to it, this Court lacks subject-matter jurisdiction and Plaintiffs fail to state a claim upon which relief can be granted. Town bases its argument on cases that consider over whom Congress intended the FLSA to apply as well as cases that provide guidelines to test whether a trash removal business is subject to the FLSA. [Doc. # 8 at 3-4.]

Congress did not extend the Act's maximum hours provision to workers who are employed in an "enterprise engaged in commerce or in the production of goods for commerce" until 1966. *See* Fair Labor Standards Amendments of 1966, Pub. L. No. 89-601, § 401, Sept. 23, 1966, 80 Stat. 830, 841. Much of the case law cited by Defendant Town considers the FLSA's maximum hours provision prior to this amendment. *See, e.g.*, *Johnson v. Dallas Downtown Dev. Co.*, 132 F.2d 287 (5th Cir. 1942); *E. C. Schroeder Co. v. Clifton*, 153 F.2d 385 (10th Cir. 1946); *Powell v. U.S. Cartridge Co.*, 339 U.S. 497 (1950); *Wirtz v. Modern Trashmoval, Inc.*, 323 F.2d 451 (4th Cir. 1963). Further, Congress modified the definition of "enterprise engaged in commerce or the production of goods for commerce" in 1974, in relevant part, from

> an enterprise which has employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods that have been moved in or produced for commerce by any person,

29 U.S.C. § 203(s) (1970), to

> an enterprise that has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person,

29 U.S.C. § 203(s) (1976). *See* Fair Labor Standards Amendments of 1974, Pub. L. No. 93-259, § 6(a)(5), Apr. 8, 1974, 88 Stat. 55, 59-60 (striking out "including" and inserting in lieu thereof "or that has"). The Act currently reflects this language. 29 U.S.C. § 203(s)(1)(A)(i) (2006). Case law cited by Town to support its argument that the FLSA does not apply to refuse collectors such as itself are not directed to the relevant current text of the FLSA. *See,*

*e.g.*, *Schultz v. Instant Handling, Inc.*, 418 F.2d 1019 (5th Cir. 1969) (applying a pre-1974 definition of "enterprise coverage"); *Brennan v. Metro. Trash, Inc.*, 513 F.2d 1324 (10th Cir. 1974) (applying a pre-1974 definition of "enterprise coverage" and referring to the now-repealed retail establishment exemption, 29 U.S.C. § 213(a)(2)).

In *Bell v. Hood*, the Supreme Court stated that "the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction." *Bell v. Hood*, 327 U.S. 678, 682 (1946). However, "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Id.* at 682-83. *See also Ali v. Ramsdell*, 423 F.3d 810 (8th Cir. 2005) ("The [Supreme] Court continues to adhere to this 'wholly insubstantial and frivolous' jurisdictional exception." (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 285 (1993); *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974))).

Here, Plaintiffs' claim for relief under 29 U.S.C. § 216(b) is neither "wholly insubstantial" nor "frivolous." Plaintiffs' Complaint clearly alleges that they were employees of Town; that Town had trash routes and employed throwers, including Plaintiffs, in Missouri and Kansas; that Town "has been and continues to be engaged in interstate 'commerce' and/or in the production of 'goods' for 'commerce' within the meaning of the FLSA, 29 U.S.C. § 203" [Doc. # 1, ¶ 36]; that Town's gross operating revenues exceed $500,000.00; and that Plaintiffs were paid less than a rate of one and one-half times the regular rate at

which they were employed for hours worked beyond forty hours per workweek. Plaintiffs allege facts indicating that they were hourly employees who were "employed in an enterprise engaged in commerce or in the production of goods for commerce," as the term is defined in 29 U.S.C. § 203(s)(1) and applied in 29 U.S.C. § 207(a)(1).

Moreover, "[t]he determination of 'enterprise coverage' under the FLSA is one that must be resolved on the facts of each case." *Donovan v. Weber*, 723 F.2d 1388, 1391-92 (8th Cir. 1984). Thus, determining whether the FLSA applies to Town must be made at a subsequent stage of this litigation, not in a motion to dismiss.

## III. Conclusion

Accordingly, it is hereby ORDERED that Defendant Town's Motion to Dismiss [Doc. # 7] is DENIED.

                                        s/ NANETTE K. LAUGHREY
                                        NANETTE K. LAUGHREY
                                        United States District Judge

Dated: October 4, 2010
Jefferson City, Missouri