IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SHANNON GRAHAM, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:10-CV-00551-NKL |
| ) | |
| TOWN & COUNTRY DISPOSAL OF ) | |
| WESTERN MISSOURI, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Pending before the Court is Plaintiffs Shannon Graham and Jason Street's Motion for Conditional Class Certification Pursuant to § 216(b) of the FLSA [Doc. # 22]. Plaintiffs describe their class as "all employees working as garbage throwers employed by Defendant in the three (3) years prior to the date of the Court's Order." [Doc. #22, at 1]. Plaintiffs also ask the Court authorize them to act as class representatives, authorize LG Law LLC to act as class counsel, approve the mailing of notice [Doc. #23-4] to all putative class members, and to require Defendant Town & Country Disposal of Western Missouri, Inc. ("Town & Country") to produce a list of all potential class members, including their last known residential address, home and mobile phone numbers, e-mail addresses, and dates of employment within fourteen days of the Court's order. [Doc. #22, at 2]. For the following reasons, the Court GRANTS the Motion.

**I.    Background**

The named plaintiffs are individuals who worked as garbage throwers at Town & Country's principal place of business in Harrisonville, Missouri. Plaintiff Shannon Graham ("Graham") was employed from on or about July 8, 2008 through on or about October 3, 2009. Plaintiff Jason Street ("Street") was employed from on or about June 2009 through on or about September 2009. Town & Country provides residential and commercial waste management and recycling services to customers in Missouri and Kansas. [Doc. #23, at 2]. Plaintiffs allege that due to Town & Country's willful failure and refusal to pay overtime compensation, Town & Country violated the maximum hours provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

Graham and Street's sole responsibility as throwers was to "remove trash from curbside locations at customers' places of residence and business and place the trash in trucks owned by Town & Country." [Docs. #23-1, ¶3; #23-2, ¶3]. Other throwers had the same job responsibilities as Graham and Street and were also paid the same salary regardless of the number of hours actually worked in a given work-week. Plaintiffs assert that Town & Country regularly allowed them and other throwers to work more than forty hours each work-week, but failed to record the regular and overtime hours that they worked. Plaintiffs specifically allege that Town & Country's practice and policy was and is to willfully fail and refuse to compensate garbage throwers regular and overtime compensation for all hours worked.

**II.    Discussion**

    **A.    FLSA Class Certification Standard**

Section 216(b) of the Fair Labor Standards Act provides that an employee may bring an action for himself and other employees "similarly situated." 29 U.S.C. § 216(b). A 216(b) collective action differs significantly from class actions under Rule 23 of the Federal Rules of Civil Procedure. A primary difference between the two is that, under § 216(b), a similarly situated employee must "opt-in" to the collective action to be bound by the proceeding's outcome whereas, under Rule 23, a similarly situated plaintiff must "opt-out" to avoid being similarly bound. 29 U.S.C. § 216(b); Fed. R. Civ. P. 23. One consequence of this difference is that standards governing class claims under Rule 23, including those related to numerosity, do not apply to collective action claims under the FLSA. *See Bouaphakeo v. Tyson Foods, Inc.,* 564 F. Supp. 2d 870, 887 (N.D. Iowa 2008) ("There is no doubt that the opt-in/opt-out distinction represents 'a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by [the] FLSA.'") (quoting *Schmidt v. Fuller Brush Co.*, 527 F.2d 532, 536 (8th Cir. 1975)); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 n.12 (11th Cir. 1996) ("[I]t is clear that the requirements for pursuing a § 216(b) class action are independent of, and unrelated to, the requirements for class action under Rule 23 of the Federal Rules of Civil Procedure.").

Federal courts have used varying standards to determine whether potential opt-in plaintiffs are "similarly situated" under § 216(b). *Davis v. NovaStar Mortg., Inc.*, 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005). Though the Eighth Circuit Court of Appeals has not indicated which standard should be used, a majority of the district courts in the Eighth Circuit use the two-step analysis adopted in *Mooney v. Aramco Services Co.*, 54 F.3d 1207 (5th

Cir.1995). *See, e.g.*, *Davis*, 408 F. Supp. 2d 811; *Bouaphakeo*, 564 F. Supp. 2d 870; *Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014 (E.D. Mo. 2010); *Luiken v. Domino's Pizza, LLC*, Civil No. 09-516 (DWF/AJB), 2010 WL 2545875 (D. Minn. June 21, 2010); *Dietrich v. Liberty Square L.L.C.*, 230 F.R.D. 574 (N.D. Iowa 2005); *Helmert v. Butterball, LLC*, No. 4:08CV00342 JLH, 2009 WL 5066759 (E.D. Ark. Dec. 15, 2009).

Under this two-step process, the plaintiff first moves for collective action certification for notice purposes. The plaintiff's motion for certification is typically filed at an early stage of the litigation thus requiring a lenient evaluation standard and typically resulting in conditional certification of a representative class. *Mooney*, 54 F.3d at 1213-14; *Grayson v. K Mart*, 79 F.3d 1086, 1096 (11th Cir.1996) (noting that the "similarly situated" standard is considerably less stringent than Rule 23(b)(3) class action standards). At this early stage of litigation, the Court does not reach the merits of the plaintiff's claims. *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y.1997) (citation omitted). Once the Court conditionally certifies the class, potential class members are given notice and the opportunity to "opt-in." *Davis*, 408 F. Supp. 2d at 815.

At the second step of the process, the defendant may move to decertify the class. This is typically done after the close of discovery when the record is more developed. *Id.*

In some cases, the Court will skip the "notice" step and move directly to a second-step evaluation of Plaintiffs' Motion for Class Certification. *Pfohl v. Farmers Ins. Group*, No. CV03-3080 DT (RCX), 2004 WL 554834, *3 (C.D. Cal. 2004) (court proceeded directly to the second stage of certification where parties did not dispute that discovery had been

undertaken); *Morisky v. Public Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 498 (D.N.J. 2000) (applying a stricter standard where discovery had been completed).

In the instant case, the parties have not yet conducted discovery, thus the Court finds that Plaintiffs' Motion should be evaluated under the more lenient "notice stage" criteria.

**B.     Are the Class and the Plaintiffs Similarly Situated?**

The FLSA does not define the term "similarly situated." But, "courts have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y.1998); *Davis*, 408 F. Supp. 2d at 815 (holding that, at the notice stage, conditional certification "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan.").

In this case, Plaintiffs assert that the class members are similarly situated because "they perform the same essential job duties and because they are all are [sic] subject to [Town & Country's] common policy and practice of misclassifying garbage throwers as salaried employees, failing to accurately record all regular and overtime hours worked, and failing to pay them for all overtime hours worked." [Doc. #23, at 4]. Plaintiffs' offer their sworn declarations to support their allegations. [Docs. #23-1; #23-2]. These declarations are sufficient evidence to show Town & Country's common policy of failing and refusing to pay overtime compensation to garbage throwers, violating the maximum hours provision of the FLSA, 29 U.S.C. § 207. *See Davis*, 408 F. Supp. 2d at 816 (noting that declarations provide

appropriate support for conditional certification).

### C. Notice to Potential Class Members

FLSA violations are subject to a two-year statute of limitations unless the violation is willful, in which case a three-year statute of limitations applies. 29 U.S.C. § 255(a). *Redman v. U.S. W. Bus. Res., Inc.*, 153 F.3d 691, 695 (8th Cir.1998) ("An action is commenced under the FLSA when a party files suit. In the case of a collective action under the FLSA, the action is commenced when a party files his or her written consent to become part of the action."). *See also*, *Bolton v. Sprint/United Mgmt. Co.*, No. 05-2361-JWL, 2006 WL 1789142 (D. Kan. June 29, 2006). Here, Plaintiffs allege that Town & Country's violations are willful, [Docs. #1, ¶ 45; #23, ¶ 4], therefore, the class notice [Doc. #23-4] shall be sent to garbage throwers who have worked for Town & Country within the last three years from the date of this order, as requested by Plaintiffs.

Finally, Plaintiffs request that Town & Country be ordered to produce a list of all potential class members including their last known residential address, telephone numbers, e-mail address, and dates of employment within fourteen days of the Court's order. Town & Country does not specifically contest the request. Town & Country is hereby ordered to produce to Plaintiffs a list of all potential class members (i.e., those class members who are current garbage throwers of Town & Country or have been garbage throwers of Town & Country in the last three years) including their last known residential address, telephone numbers, email address, and dates of employment. The list must be produced within fourteen days from the date of this order in a usable format.

### III. Conclusion

Accordingly, it is hereby ordered that

Plaintiffs' Motion for Conditional Class Certification [Doc. # 22] is GRANTED. The Court conditionally certifies a class of all individuals working as garbage throwers employed by Town & Country in the three years prior to the date of the Court's order. It is further ordered that Plaintiffs Shannon Graham and Jason Street are authorized to act as class representatives and LG Law LLC is authorized to act as class counsel. Plaintiffs' Notice to Putative Class Members [Doc. #23-4] is approved as provided in this order and Town & Country must produce to Plaintiffs a list of all potential class members, including their last known residential address, telephone numbers, email address, and dates of employment within fourteen days of the date of this order.

                                                   s/NANETTE K. LAUGHRYE
                                                   NANETTE K. LAUGHREY
                                                   United States District Judge

Dated: December 14, 2010
Kansas City, Missouri